**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lidia Becerra Soberanes,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-23-00220-TUC-JGZ<br><br>**ORDER** |

On December 12, 2023, Magistrate Judge Michael A. Ambri issued a Report and Recommendation (R&R) recommending that the Court affirm the final decision of the Commissioner. (Doc. 20.) On December 26, 2023, Plaintiff filed an Objection to the Report and Recommendation. (Doc. 21.) After reviewing the Report and Recommendation and considering the arguments raised in the Plaintiff's Objection, the Court will overrule the Objection and adopt Magistrate Judge Ambri's Report and Recommendation.

**STANDARD OF REVIEW**

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). However, objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace*

*Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.").

## BACKGROUND

Since neither party objects to the Magistrate Judge's summary of the factual and procedural background, the Court adopts this section of the R&R in its entirety. (Doc. 20 at 1–6.)

## DISCUSSION

Plaintiff makes two objections: (1) the Administrative Law Judge (ALJ) failed to articulate clear and convincing reasons to discount Mr. Soberanes' symptom testimony, resulting in a Residual Functional Capacity (RFC) determination that fails to account for all of Ms. Soberanes' limitations; and (2) the ALJ failed to demonstrate that jobs exist in significant numbers at step five of the analysis. (Doc. 21.) Plaintiff presented these same arguments to the Magistrate Judge in her opening brief. (*See* Doc. 14.) Though the Magistrate Judge thoroughly addressed Plaintiff's arguments in his R&R, the Court will address the objections in turn.

### I.  ALJ's analysis of combined effects of impairments and treatment history

In support of her first objection, Plaintiff argues that the ALJ failed to consider the combined effects of her impairments and her treatment history in determining her RFC. (Doc. 21 at 1-3.) Plaintiff also asserts that the Magistrate Judge deferred to the ALJ's analysis to "an untenable degree." (*Id.* at 2.) This Court agrees with the Magistrate Judge's conclusion that the ALJ considered the combined effects of all impairments as well as Plaintiff's treatment history in determining her RFC.

The ALJ considered the combined effects of Plaintiff's individual impairments when analyzing her functional limitations. As the Magistrate Judge noted in his R&R, at step 3 of the disability analysis, the ALJ stated that "[t]he claimant's impairments, considered singly and in combination, do not meet to medically equal the criteria of any

medical listing." (Doc. 20 at 7.) The ALJ explicitly stated that she was considering the combined effects of Soberanes' impairments as opposed to each impairment as a discrete phenomenon. (*Id.*)

The ALJ relied on substantial evidence in determining that Soberanes' treatment history did not establish disability per se. Specifically, Soberanes provided no evidence that her three medical visits per month could not be scheduled outside of her work hours or grouped together on a single day. (Doc. 20 at 9-10.) Moreover, she did not support her argument with a medical opinion stating that she would require this level of medical treatment for the foreseeable future. (*Id.*) As such, the ALJ provided clear reasons supporting her decision that Plaintiff's treatment history did not establish disability per se.

The Magistrate Judge did not defer to the ALJ to an untenable degree. When reviewing an ALJ's decision, the Magistrate Judge presumes that the ALJ knows the law and applies it correctly. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1072 n. 3 (9th Cir. 2010). This presumption, however, is rebuttable. The Court will "set aside a denial of Social Security benefits *only* when the ALJ['s] decision is based on legal error or not supported by substantial evidence in the record." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (emphasis added). Here, Magistrate Judge Ambri found that the ALJ's decision was not based on legal error because the ALJ properly considered the combined effects of Plaintiff's impairments. (Doc. 20 at 7-8.) Further, Judge Ambri found that the ALJ cited substantial evidence in concluding that Plaintiff's treatment history did not establish disability. (*Id.* at 8-10.) Accordingly, Judge Ambri applied the appropriate standard in his review of the ALJ's decision.

**II.    ALJ's reliance on vocational expert testimony**

In support of her second objection, Plaintiff states that the ALJ incorrectly relied on the vocational expert's testimony that jobs which claimant can perform exist in significant numbers in the national economy. (Doc. 21 at 4.) Plaintiff asserts that the Magistrate Judge incorrectly "presumed that the vocational expert is infallible." (*Id.*)

The ALJ correctly relied on the vocational expert's testimony. If "the ALJ's question to a vocational expert accurately describes the claimant's limitations," the "ALJ

- 3 -

ordinarily may rely on the expert's testimony." *Leach v. Kijakazi*, 70 F.4th 1251, 1255 (9th Cir. 2023). If there is an apparent conflict between the expert's testimony and the Dictionary of Occupational Titles, the ALJ has an affirmative duty to explain the conflict and determine whether the vocational expert's explanation for the conflict is reasonable. *Id.*

Here, Soberanes does not dispute that the hypothetical person considered by the vocational expert accurately described her limitations. (Doc. 20 at 12.) Further, there was no "obvious" or "apparent" conflict between the expert's testimony and the Dictionary of Occupational Titles (DOT) that would require the ALJ to conduct further inquiry. (*Id.* at 12-13.) Indeed, the vocational expert opined that Soberanes could work as a "bench hand," which would entail "occasional" exposure to moving machinery or chemicals. (*Id.* at 12.) The ALJ confirmed that the expert's testimony was consistent with the DOT. (*Id.*)

The Magistrate Judge did not presume the vocational expert to be infallible. Judge Ambri looked to whether there was an apparent conflict that would have required further inquiry from the ALJ. (Doc. 20 at 12-13.) Finding none, Judge Ambri determined that the ALJ was justified in relying on the vocational expert. (*Id.*) Thus, the Court is unpersuaded that the Magistrate Judge presumed the vocational expert to be "infalliable."

Accordingly, Plaintiff's objections are overruled, and the Report and Recommendation is adopted.

//
//
//
//
//
//
//
//
//
//

**IT IS HEREBY ORDERED**:

1. Plaintiff's Objection to the Report and Recommendation (Doc. 21) is **overruled**.
2. Magistrate Judge Ambri's Report and Recommendation (Doc. 20) is **accepted** and **adopted**.
3. The final decision of the Commissioner is **affirmed**.
4. The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

Dated this 22nd day of February, 2024.

_____
Jennifer G. Zipps
United States District Judge